**Larry David FERGUSON, Respondent,**

**v.**

**Kathleen Mary LARSON, Appellant.**

**No. 47079.**

Supreme Court of Minnesota.

Nov. 25, 1977.

Dunlap, Keith, Collins, Towey, Finseth & Berndt, Robert R. Dunlap, and Peter C. Sandberg, Rochester, for appellant.

Peterson, Delano & Thompson and Duane M. Peterson, Winona, for respondent.

Heard before TODD, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

Larry David Ferguson brought this action to recover damages for personal injuries sustained as a pedestrian when he was struck by an automobile driven by defendant, Kathleen Mary Larson. The jury found that both parties were negligent and that the negligence of each was a direct cause of the accident. They attributed 70 percent of the causal negligence to defendant and 30 percent to plaintiff. Defendant appeals. We affirm.

On July 15, 1973, around 1:30 a. m., a car driven by defendant struck and injured plaintiff, who was walking with his girlfriend in a crosswalk at the intersection of Broadway and Main Street in Winona, Minnesota. Plaintiff testified that the traffic control signal was green in his favor when he and his girlfriend began to cross Broadway in a southerly direction on the west side of Main Street. Defendant's car was traveling in an easterly direction on Broadway. The intersection of Broadway and Main has four traffic control signals. The signal controlling the north-south crossing on Broadway has a "Walk" sign but does not have a "Don't Walk" sign. The time cycle of the signal on Main Street is as follows:

| | |
|---|---|
| Green light with walk sign | 16½ seconds |
| Green light without walk sign | 9½ seconds |
| Amber light | 4 seconds |
| Red light | 30 seconds |
| | 60 seconds |

At trial, the court instructed the jury as follows:

"[Minn. St.] 169.21, insofar as applicable, reads as follows: Pedestrians shall be subject to traffic control signals at intersections. * * * Vehicular traffic facing a circular green signal may proceed straight through, but vehicular traffic shall yield the right of way to pedestrians lawfully within the intersection or adjacent to the crosswalk at the time such signal is exhibited. Unless otherwise directed by a pedestrian control signal, as provided in Subdivision 6, pedestrians facing any green signal may proceed across the roadway within any marked or unmarked crosswalk.

"Now there was an indication in the evidence that the intersection signals at Main and Broadway had pedestrian signals of the walk type. There may be some dispute as to whether or not that particular signal was in operation at the time of the accident. If you find that such signal was operative, you are instructed that Minnesota Statute 169.06, Subdivision 6, provides in part, as follows: Whenever special pedestrian control signals exhibiting the word walk is in place such signal shall indicate as follows: Walk, flashing, or steady. Pedestrians facing such signals may proceed across the roadway in the direction of the signal and shall be given the right of way by drivers of all vehicles."

Counsel for defendant objected to this instruction before the jury retired and was allowed to state his objections more fully afterward as follows:

"If the Court please, counsel, this morning before trial convened both counsel, with the Court, were in the Court's chambers to review the proposed instructions with relation to the law applicable to this situation. The Court read to counsel its proposed instructions and among those instructions with regard to the duties of a pedestrian on an intersection controlled by traffic signals the Court indicated to counsel that his instructions would read as follows: Whenever special pedestrian control signals exhibiting the word Walk are in place such signals shall indicate as follows: Subparagraph (a) Walk, flashing or steady. Pedestrian facing such signals may proceed across the roadway in the direction of the signal and shall be given the right of way by drivers of all vehicles. The court also at that point indicated, Subparagraph (b): Don't walk, flashing or steady. No pedestrian shall start to cross the roadway in the direction of such signals, but any pedestrian who has partially completed his

crossing on the walk signal shall proceed to a sidewalk or a safety island while the don't walk signal is showing.

"When the Court was approached by counsel for the plaintiff regarding the inappropriateness of Subparagraph (b) the Court indicated that it was its belief that was the law. That the Legislature must have intended where there was only a walk sign exhibited that when the walk sign was not in place indicating a pedestrian then should not step out into the intersection. This statement of the law by the Court was objected to by counsel for the plaintiff and the Court indicated that just before the conference in chambers terminated that it disagreed with counsel for the plaintiff and it was going to give the instruction.

"On the basis of that belief I argued that point to the jury with the understanding that that instruction was to be given and I would have changed my argument to some extent on this particular point had I known that this instruction in Subparagraph (b) would not be given. When the Court then instructed the jury at the close of the case it gave the instruction only with reference to walk, flashing or steady, omitting the instruction which had indicated would be given in subparagraph (b), and I was not informed the Court had changed this instruction, and feel therefore that my argument was diminished and prejudiced by my failure to have been notified of that fact, not becoming aware of it until the Court had fully instructed the jury."

The court admits in its memorandum that it was going to instruct on both Minn. St. 169.06, subd. 6(a) and (b), and adds:

"* * * During the course of the arguments, however, the Court became convinced that he should not give that portion of (b) which reads as follows:

' "Don't walk"—flashing or steady— no person shall start to cross the roadway in the direction of such signal.' Counsel for [defendant] now claims that that was surprise and that he was prejudiced in the eyes of the jury because the

Court did not give that instruction. The Court feels the instruction was inappropriate because this particular traffic semaphore did not have a 'don't walk' sign. Parenthetically it should be stated that counsel did not make a written request that the Court give such an instruction."

■ Defendant frames the issue as follows: "Should the court instruct, in the absence of a walk signal on a pedestrian control signal, a pedestrian should not enter into and cross an intersection?" Plaintiff counters that "[a]t no time during the trial or on the motion for a new trial did appellant claim that the court should give the omitted instructions now claimed as error," and concludes that "the judge correctly instructed that 'unless otherwise directed by a pedestrian control signal' pedestrians facing the green light may proceed," citing Minn. St. 169.06, subd. 5(a)(3), which provides:

"Unless otherwise directed by a pedestrian-control signal as provided in subdivision 6, pedestrians facing any green signal, except when the sole green signal is a turn arrow, may proceed across the roadway within any marked or unmarked crosswalk."

Plaintiff further asks whether defendant can claim for the first time on appeal that the trial court should have given an instruction that was neither proposed nor substantively requested by appellant below.

It is obvious from the reading of the record that the error alleged in this appeal is based upon the failure of the trial court to give an instruction that was never requested; an instruction which in itself has no merit. The only departure from the instructions which defendant understood would be given was the deletion of § 169.06, subd. 6(b), which provides:

" 'Don't Walk,' flashing or steady. No pedestrian shall start to cross the roadway in the direction of such signals, but any pedestrian who has partially completed his crossing on the 'Walk' signal shall proceed to a sidewalk or safety island while the 'Don't Walk' signal is showing."

There was no "Don't Walk" signal at the intersection. The trial court was correct in deciding that such an instruction would be "inappropriate." In fact, it would have been improper to give such an instruction. We thoroughly agree with plaintiff in stating:

> "No interpretation of the statute can require a person to obey a traffic sign that did not exist.
>
> "'The legislature does not intend a result that is absurd, impossible of execution or unreasonable.' *M.S.A. 645.17(1).*"

We fail to see how defendant was prejudiced in any way and point out that Rule 51, Rules of Civil Procedure, provides in pertinent part:

> "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file *written requests* that the court instruct the jury on the law as set forth in the requests." (Italics supplied.)

This court has held that a trial court is justified in disregarding requests that it instruct the jury with respect to certain matters when the requests were made orally. See, *Botz v. Krips*, 267 Minn. 362, 367, 126 N.W.2d 446, 450 (1964). Hetland and Adamson state that "the requirement that the request for instructions be in writing is absolute and is not satisfied by an oral request." 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 363. The purpose of this rule is amply demonstrated by the present situation where it is unclear what specific instructions were requested by the defendant at trial.

The instructions of the trial court appropriately stated the law of the case. An appellant may not on appeal allege as error a trial court's failure to give an instruction that was never requested. We therefore affirm in all respects.

Affirmed.